**UNITED STATES DISTRICT COURT**

**DISTRICT OF ARIZONA**

| | |
|---|---|
| Mi Familia Vota, et al.,<br><br>            Plaintiffs,<br><br>     v.<br><br>Katie Hobbs, in her official capacity as Arizona Secretary of State, et al.,<br><br>            Defendants.<br><br>Living United for Change in Arizona, et al.,<br><br>            Plaintiffs,<br><br>     v.<br><br>Katie Hobbs,<br><br>            Defendant,<br>            and<br><br>State of Arizona, et al.,<br><br>            Intervenor-Defendants.<br><br>Poder Latinx, et al.,<br><br>            Plaintiff,<br><br>     v.<br><br>Katie Hobbs, et al.,<br><br>            Defendants. | Case No. 2:22-cv-00509-PHX-SRB<br>(Consolidated)<br>**ORDER** |

| | |
|---|---|
| United States of America,<br><br>         Plaintiff,<br><br>    v.<br><br>State of Arizona, et al.,<br><br>         Defendants. | |
| Democratic National Committee, et al.<br><br>         Plaintiffs,<br><br>    v.<br><br>Katie Hobbs, in her official capacity as Arizona Secretary of State, et al.,<br><br>         Defendants,<br><br>         and<br><br>Republican National Committee,<br><br>         Intervenor-Defendant. | |
| Arizona Asian American Native Hawaiian and Pacific Islander for Equity Coalition,<br><br>         Plaintiff,<br><br>    v.<br><br>Katie Hobbs, in her official capacity as Arizona Secretary of State et al.,<br><br>         Defendants. | Case No. 2:22-cv-1381-PHX-SRB |
| Promise Arizona, et al.<br><br>         Plaintiffs,<br><br>    v.<br><br>Katie Hobbs, in her official capacity as Arizona Secretary of State, et al.,<br><br>         Defendants, | Case No. 2:22-cv-1602-PHX-SRB |

2

The Court now considers Defendants Mark Brnovich and the State of Arizona's (collectively, "the State") Motions to Consolidate ("Motions") two additional cases into *Mi Familia Vota v. Hobbs*, 2:22-cv-509-PHX-SRB ("the Consolidated Case"). (Doc. 114, Mot. to Consolidate 22-cv-1381 ("MTC I"); Doc. 136, Mot. to Consolidate 22-cv-1602 ("MTC II").) For the following reasons, the Court grants the Motions.

**I.   BACKGROUND**

The Consolidated Case concerns two Arizona laws, H.B. 2243 and H.B. 2942, which allegedly compromise the right to vote ("Voting Laws").[1] (Doc. 106, Am. Compl.) In August 2022, Arizona Asian American Native Hawaiian and Pacific Islander for Equity Coalition ("AAANHPI") filed a case challenging the Voting Laws. (Doc. 1, 22-cv-1381, *AAANHPI* Compl.) The following month, Promise Arizona and Southwest Voter Registration Education Project (collectively, "Promise Arizona") filed a case challenging only H.B. 2243. (Doc. 1, 22-cv-1602, *Promise Arizona* Compl.) Both AAANHPI and Promise Arizona named all Arizona County Recorders ("Recorders") as Defendants. (*AAANHPI* Compl. ¶ 36; *Promise Arizona* Compl. ¶ 22.)

AAANHPI and Promise Arizona attack H.B. 2243 on similar grounds. AAANHPI alleges that H.B. 2243 violates 1.) the First and Fourteenth Amendments by placing an undue burden on the right to vote; 2.) the Fourteenth Amendment by violating procedural due process rights and by discriminating against voters based on race and national origin; and 3.) the Fifteenth Amendment by discriminating against voters based on race. (*AAANHPI* Compl. ¶¶ 118, 126–51.) Promise Arizona alleges that H.B. 2243 violates 1.) the First and Fourteenth Amendments by placing an undue burden on the right to vote; 2.) the Fourteenth Amendment by denying due process and by discriminating against voters based on race, national origin, and alienage; and 3.) the Fifteenth Amendment by

---

[1] Plaintiffs in the Consolidated Case include Mi Familia Vota, Chicanos Por Law Causa, Inc., and Poder Latinx, all of which are organizations serving a certain membership base. (Doc. 1, Compl. ¶ 14; Am. Compl. ¶¶ 18–19.) Plaintiffs in the Consolidated Case argue that the Voting Laws are illegal under, *inter alia*, the Fourteenth and Fifteenth Amendments, § 10101 of the Civil Rights Act of 1964, and the National Voter Registration Act ("NVRA"). (Am. Compl. ¶¶ 86–153.)

3

intentionally discriminating against voters based on race. (*Promise Arizona* Compl. ¶¶ 88–150.) Both AAANHPI and Promise Arizona also allege that H.B. 2243 violates the NVRA. (*AAANHPI* Compl. ¶¶ 156–74; *Promise Arizona* Compl. ¶¶ 151–58.)

Despite the substantive similarities in their Complaints, AAANHPI and Promise Arizona have taken different approaches to litigation. On August 25, 2022, AAANHPI filed a Motion for Preliminary Injunction to stop enforcement of H.B. 2243. (Doc. 32, 22-cv-1381, Mot. for Prelim. Inj.) On September 8, 2022, AAANHPI and the relevant Defendants stipulated that no Defendant would enforce H.B. 2243 until January 1, 2023. (Doc. 53, 22-cv-1381, Stip.) This stipulation resolved AAANHPI's Motion for Preliminary Injunction, but the Court ordered that the stipulation did not limit AAANHPI's ability to modify the stipulation or to later bring a motion for injunctive relief. (Doc. 54, 22-cv-1381, 09/08/2022 Order at 2.) Promise Arizona has not sought a preliminary injunction nor has any Plaintiff in the Consolidated Case.

The State moved to consolidate AAANHPI's case with the Consolidated Case on September 10, 2022 and moved to consolidate Promise Arizona's case with the Consolidated Case on September 26, 2022. (MTC I; MTC II.) AAANHPI and Promise Arizona filed briefing opposing consolidation on September 26, 2022 and October 7, 2022, respectively, to which the State replied on October 3, 2022 and October 14, 2022. (Doc. 69, 22-cv-1381, *AAANHPI* Resp.; Doc. 148, *Promise Arizona* Opp'n; Doc. 145, *AAANHPI* Reply; Doc. 149, *Promise Arizona* Reply.)

II.   **LEGAL STANDARD & ANALYSIS**

Rule 42 permits courts to join, consolidate, or otherwise "avoid unnecessary cost or delay" when cases pending in the same district "involve a common question of law or fact." Fed. R. Civ. 42(a). District courts exercise "broad discretion" in determining whether to consolidate cases. *See Pierce v. Cnty. of Orange*, 526 F.3d 1190, 1203 (9th Cir. 2008). Courts must simply decide whether "the saving of time and effort consolidation would produce" tends to outweigh "any inconvenience, delay, or expense that it would cause." *Huene v. United States*, 743 F.2d 703, 704 (9th Cir. 1984). Still, a common question of law or fact does not require consolidation. *Garity v. APWU Nat'l Labor Org.*,

4

828 F.3d 848, 856 (9th Cir. 2016). The moving party therefore retains the burden of demonstrating the benefits of consolidation. *Excel Fortress Ltd. v. Wilhelm*, No. CV-17-04297-PHX-DWL, 2018 WL 6067255, at *6 (D. Ariz. Nov. 20, 2018).

### A. Common Questions of Law or Fact

The State asserts that consolidation is appropriate because AAANHPI and Promise Arizona challenge the Voting Laws under similar or identical legal theories to those advanced by the Consolidated Case. (MTC I at 1; MTC II at 1; *AAANHPI* Reply at 1–2.) The Court agrees. It is undisputed that the Consolidated Case challenges both H.B. 2243 and H.B. 2492. (*AAANHPI* Resp. at 8; *Promise Arizona* Opp'n at 2.) Even if AAANHPI and Promise Arizona make more detailed challenges to H.B. 2243, they both concede that there is "overlap" with the legal arguments in the Consolidated Case. (*AAANHPI* Resp. at 4, 8; *see Promise Arizona* Opp'n at 2, 4.) And while AAANHPI argues that "no other party has pursued challenges against H.B. 2243 with the expediency that [AAANHPI] has," AAANHPI makes no mention that it also challenges H.B. 2492 under several of the same theories advanced in the Consolidated Case. (*AAANHPI* Resp. at 7; *see, e.g.*, *AAANHPI* Compl. ¶¶ 122, 138, 160–63, 165–66.) In light of these shared questions of law and fact, the Court finds that granting the Motions will promote efficiency and uniform resolution of the challenges to the Voting Laws. (*See AAANHPI* Reply at 3.)

### B. Prejudice

AAANHPI and Promise Arizona contend that consolidation risks prejudice to their cases. (*AAANHPI* Resp. at 9; *Promise Arizona* Opp'n at 5.) Specifically, AAANHPI asserts that because it names all Recorders in its lawsuit and might seek expedited injunctive relief in the future, differences in the scope of discovery and timeline of litigation weigh against consolidation. (*AAANHPI* Resp. at 7–8.) For its part, Promise Arizona argues that "[u]nlike the parties in the Consolidated Case, Promise Arizona is a membership organization," so Promise Arizona's litigation should be tailored to the interests of its members. (*Promise Arizona* Opp'n at 5.)

The Court finds that consolidation will not prejudice AAANHPI or Promise Arizona. AAANHPI cites no authority indicating that consolidation will prevent it from

5

filing for injunctive relief in the future. As evidenced by the five separate Responses in Opposition to Defendants' Motion to Dismiss the Consolidated Case, Plaintiffs in the Consolidated Case advocate for their own perspectives and strategies. (Docs. 150–54, Resps. in Opp'n.) Regarding AAANHPI's discovery concerns, AAANHPI has already proposed coordinating discovery with other Plaintiffs challenging the Voting Laws, so consolidation adds no extra burden on AAANHPI's discovery process.[2] (*See AAANHPI* Resp. at 7.) Lastly, regarding Promise Arizona's status as a membership organization, multiple Plaintiffs in the Consolidated Case are also membership organizations and have suffered no apparent prejudice from the consolidation of their cases.

**IT IS THEREFORE ORDERED** granting Defendant Mark Brnovich and the State of Arizona's Motions to Consolidate Cases (Docs. 114, 136).

**IT IS FURTHER ORDERED** directing the Clerk of Court to consolidate the two above-captioned cases into *Mi Familia Vota v. Hobbs* and that the parties shall make all future filings under Case No. CV-22-00509-PHX-SRB.

**IT IS FURTHER ORDERED** that there will be no further filings in CV22-01381-PHX-SRB and CV22-01602-PHX-SRB.

Dated this 10th day of November, 2022.

_____
Susan R. Bolton
United States District Judge

---

[2] The Recorders named by AAANHPI are currently negotiating a stipulation to address certain Recorders' desire for nominal status in the litigation. (Doc. 94, 22-cv-1381, 10/27/2022 Order.) In any event, all Recorders are also named in Promise Arizona's lawsuit regarding H.B. 2243. (*Promise Arizona* Compl. ¶ 22.)